United States District Court
Southern District of Texas
**ENTERED**
December 02, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SYLVESTER MCCURRY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:22-CV-00239 |
| | § | |
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS CASE

Plaintiff Sylvester McCurry, a Texas inmate appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.

For purposes of screening, the undersigned recommends that: (1) Plaintiff's claims against Defendants be **DISMISSED with prejudice** as frivolous and/or for failure to state a claim for relief; (2) to the extent Plaintiff complains about the legality of his convictions and seeks release from imprisonment, such claim be **DISMISSED without prejudice** to it being reasserted in a timely-filed federal habeas corpus petition after exhausting available

state remedies; and (3) the dismissal of this case counts as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

## I. JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II. PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently housed at the McConnell Unit in Beeville, Texas. The TDCJ's Offender Search website reflects that: (1) Plaintiff was convicted in Dallas County of one count of aggravated sexual assault and one count of indecency with a child under fourteen; (2) Plaintiff committed these offenses in 1998; and (3) on December 14, 2001, Plaintiff was sentenced to life imprisonment on each count.[2]

Plaintiff filed this action against the United States of America, President Joseph Biden, the United States Congress, Speaker of the House Nancy Pelosi, the State of Texas, and Texas Governor Greg Abbott ("Defendants"). (D.E. 1, p. 2.). Plaintiff states that, under

---

[1] Plaintiff is **WARNED** that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury. *See* 28 U.S.C. § 1915(g).

[2] *See* TDCJ Offender Search Website, available at https://
https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=0437555

a provision enacted in the Republic of Texas on March 1, 1836, all persons of color held in bondage before emigrating to Texas shall remain a slave as the property of the person holding him or her. (*Id.* at 3). Plaintiff further cites a Declaration filed by the State of Texas on February 2, 1861, recognizing that the Confederacy was established exclusively by the white race and that it would be beneficial for the African race to remain in servitude. (*Id.*).

Plaintiff alleges that Defendants enacted or adopted the Thirteenth, Fourteenth, and Fifteenth Amendments, which altered the system of government in the United States. (*Id.* at 4). According to Plaintiff, Defendants have enacted or adopted the Thirteenth Amendment:

- to establish "a legal 'Gateway' into Slavery, but failed to provide [Plaintiff] a legal protected right to exit slavery;"

- to enslave him as a United States Citizen to a life of servitude;

- "to disenfranchise formal slaves of poverty, people of low wealth and establish a callous indifference to their rights to be free of bondage;"

- to deprive Plaintiff of his right to United States Citizenship "by creating a means for legal slave's [sic], a non-citizen, with no Country or Constitutional protected rights to redress or a Freeman Status;"

- to create a "Slavery Numbering System that never ceases to expire … but track [sic] [Plaintiff] for life and abridge [his] rights as United States Citizenship [sic], to bare [sic] arms, to vote or hold government officer;" and

- to create "a Sovereign person of immigrant statute, with no government, no protected rights as slave's [sic] to regain citizenship

>in the United States, because [Plaintiff is] enslaved for [his] nature [sic] life."

(*Id.* at 4-5). Plaintiff further alleges that Defendants have enacted or adopted the Thirteenth, Fourteenth, and Fifteenth Amendments:

- to create a "double indenture" for Plaintiff, causing him to lose his freedom and work for free;

- to create "a Constitutional 'gateway' for municipalities to literally kidnap[] [Plaintiff] and assign Plaintiff's astronomical numbers (slave numbers) to serve in bondage subjected to involuntary slavery for life;" and

- to establish avenues for slavery, but provide[] no standardize [sic] rules [or] guidelines of regulations that govern Slavery and Slaves."

(*Id.*).

Plaintiff asserts that "he has no plain, adequate or complete remedy at law to redress the wrongs" described in his complaint. (*Id.* at 5). Plaintiff seeks a Declaratory Judgment that "slavery of any form is unconstitutional in the United States of America" and that "all Slave Numbers become void upon release from slavery and not continued as tracking devices for Plaintiff's nature [sic] life." (*Id.* at 6). Plaintiff seeks injunctive relief in the form of compelling Defendants "to desist their enslavement" of Plaintiff. (*Id.*). Lastly, Plaintiff seeks monetary relief. (*Id.*).[3]

---

[3] Plaintiff subsequently filed a Supplemental Complaint, in which he focused on the Thirteenth Amendment as allowing for slavery under the "duly convicted clause." (D.E. 11, p. 4).

### III.   LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant).

A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). The Fifth Circuit has held that a complaint lacks an arguable basis in law or fact fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id.* (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)). Thus, during the initial screening of an inmate's case, a court may dismiss a prisoner's complaint if it determines the complaint is frivolous as resting upon delusional scenarios or baseless facts. *See Henry v. Kerr County, Texas*, No. SA-16-CV-284, 2016 WL 2344231 *3 (W.D. Tex. May 2, 2016) ("A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible, regardless of whether there are judicially noticeable

facts available to contradict them.") (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id*.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law

6 / 13

if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

## IV. DISCUSSION

While difficult to glean from his confusing and often nonsensical complaint, Plaintiff primarily appears to claim that Defendants have subjected him to slavery for the rest of his life as a prisoner through the enactment and/or adoption of the Thirteenth, Fourteenth, and Fifteenth Amendments of the Constitution. Thus, rather than claim his constitutional rights under these amendments were violated, Plaintiff asserts instead that these amendments deprived him of his rights as a United States citizen and his freedom as well as forced him to work for free. (D.E. 1, pp. 4-5). Plaintiff describes these amendments together as a "Slavery Clause" or "Servitude Clause." (*Id.*).

Plaintiff's claims are frivolous as having no arguable basis in law or fact. *Neitzke,* 490 U.S. at 327. Plaintiff provides nonsensical and irrational allegations suggesting that he should originally be deemed a slave pursuant to a provision enacted in 1836 by the Republic of Texas and a declaration filed in 1961 relating to the Confederacy (D.E. 1, p. 3). He further adds in a nonsensical manner that the Thirteenth Amendment was enacted as an "Enslavement Clause" and that he was unlawfully "enslaved" under this amendment following his state court convictions. (*Id.* at 3-4).

Contrary to his claims, § 1 of the Thirteenth Amendment abolished slavery and involuntary servitude, "except as punishment for crime, whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. Const. amend. XIII, § 1. Rather than indicate that Defendants unlawfully "enslaved" Plaintiff following his state convictions under the Thirteenth Amendment, Plaintiff's incarceration for life resulted from valid state court convictions. To the extent that Plaintiff complains about having to work for free while incarcerated, the Fifth Circuit has held that such claim does not violate the Thirteenth Amendment's prohibition against slavery. *See Ali v. Johnson,* 259 F.3d 317, 317 (5th Cir. 2001) ("[I]nmates sentenced to incarceration cannot state a viable Thirteenth Amendment claim if the prison system requires them to work.").

Plaintiff otherwise fails to present a logical and coherent set of allegations to support any actionable claim under the Fourteenth or Fifteenth Amendments relating to his rights as a United States citizen. Section 1 of the Fifteenth Amendment states "[t]he right of citizens of the United States to vote shall not be denied or abridged by the United States or by any State on account of race, color, or previous condition of servitude." U.S. Const. amend. XV, § 1. However, the Supreme Court has held that "the exclusion of felons from the vote has an affirmative sanction in [§] 2 of the Fourteenth Amendment." *Richardson v. Ramirez*, 418 U.S. 24, 54 (1974).

The Fifth Circuit followed the Supreme Court's holding "that a state has the power to disenfranchise persons convicted of a felony." *Shepherd v. Trevino*, 575 F.2d 1110,

1112 (5th Cir. 1978) (citing *Richardson*, 418 U.S. at 54). Indeed, "courts have consistently recognized that states may, pursuant to [§] 2 of the Fourteenth Amendment, disenfranchise persons convicted of 'participation in rebellion or other crimes.'" *Wesley v. Collins*, 791 F.2d 1255, 1261 (6th Cir. 1986) (collecting cases). Plaintiff, therefore, fails to state a claim with regard to any allegation he has been denied his right as a United States citizen in light of his felony convictions.

Plaintiff otherwise advances no claim entitling to him to any relief in this case. To the extent seeks he relief from being "enslaved," construed as a request for release from prison, Plaintiff is not entitled to such relief in a civil rights action. The exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release is through a habeas corpus petition. *See Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973). Plaintiff, however, cannot seek such relief in a federal habeas corpus petition until after he has exhausted available state court remedies. *See* 28 U.S.C. § 2254(b); *Alexander v. Johnson*, 163 F.3d 906, 909 (5th Cir. 1998). Even though Plaintiff was sentenced and convicted in 2001, he offers no allegations to suggest that he has exhausted such remedies with respect to his convictions or that any such habeas corpus petition would be timely filed at this time. Accordingly, to the extent Plaintiff complains about the legality of his convictions and seeks release from imprisonment, such claims should be dismissed without prejudice to them being reasserted in a timely-filed federal habeas corpus petition after exhausting available state remedies.

Even if Plaintiff could possibly advance any plausible claim related to the enactment and adoption of the Thirteenth, Fourteenth, and Fifteenth Amendments, he cannot state an actionable § 1983 claim against any defendant named in this case. First, under the doctrine of sovereign immunity, "the United States of America may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "A waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed.'" *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. King*, 395 U.S. 1, 4 (1969)).

The United States has not waived its sovereign immunity for claims alleging constitutional violations. *See Bacon v. United States*, No. 2:13-CV-392, 2014 WL 12531093, at *3 (S.D. Tex. Sep. 22, 2014). Accordingly, the United States of America is immune from suit under § 1983. *See Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999) (recognizing that "suits against the United States brought under the civil rights statutes are barred by sovereign immunity").

Next, President Biden enjoys absolute immunity from civil litigation with regard to actions taken in his official capacity. *See Harrison v. Obama*, No. 15-0080, 2015 WL 4067766, at *2 (M.D. La. July 2, 2015) (citing *Nixon v. Fitzgerald*, 457 U.S. 731, 749 (1982)). Likewise, Speaker Pelosi is "entitled to absolute legislative immunity for actions taken within the 'legitimate legislative sphere.'" *Id.* (quoting *Eastland v. U.S. Servicemen's Fund*, 421 U.S. 491, 503 (1975)). Plaintiff's allegations indicate that he sues President Biden and Speaker Pelosi for taking inappropriate action in enacting and

adopting certain constitutional amendments. Because Plaintiff's claims only attempt to implicate the official and legislative roles of these defendants, the undersigned concludes that they should be entitled to absolute immunity with respect to such claims.[4]

Plaintiff further cannot advance any claims against the United States Congress. This defendant is not an entity capable of being sued in federal court. *See Harrison*, 2015 WL 4067766, at *3 (recognizing that "the United States Supreme Court is an entity created by the United States Constitution and is not attributed a separate and distinct legal existence").

Lastly, Plaintiff provides no allegations to suggest that Governor Abbott had any personal involvement in the events forming the basis of this lawsuit or otherwise had any role in the enactment or adoption of the constitutional amendments at issue to subject him to liability. *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action."). Plaintiff's conclusory § 1983 claim against Governor Abbott in his individual and official capacities should be dismissed as frivolous and/or for failure to state a claim for relief.

## V.     RECOMMENDATION

For the foregoing reasons and pursuant to §§ 1915(e)(2)(B) and 1915A(b)(1), the undersigned respectfully recommends that: (1) Plaintiff's claims against Defendants be

---

[4] In addition, Plaintiff may not advance § 1983 claims against President Biden and Speaker Pelosi because they are federal and not state actors. Federal officials cannot be sued under § 1983 because they do not act under color of state law. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-20 & n.30 (1982).

**DISMISSED with prejudice** as frivolous and/or for failure to state a claim for relief; and (2) to the extent Plaintiff complains about the legality of his convictions and seeks release from imprisonment, such claim be **DISMISSED without prejudice** to it being reasserted in a timely-filed federal habeas corpus petition after exhausting available state remedies. It is respectfully recommended further that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the Clerk of Court be **INSTRUCTED** to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

    Respectfully submitted on December 2, 2022.

                                                 _____
                                                 Julie K. Hampton
                                                 United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).