United States District Court
Southern District of Texas
**ENTERED**
April 18, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SYLVESTER MCCURRY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 2:22-CV-00239 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| PRESIDENT JOSEPH BIDEN, UNITED | § | |
| STATES CONGRESS, NANCY PELOSI, | § | |
| THE STATE OF TEXAS, and | § | |
| GOVERNOR GREG ABBOTT, | § | |
| | § | |
| Defendants. | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the December 2, 2022, Memorandum and Recommendation ("M&R") prepared by Magistrate Judge Julie K. Hampton. (Dkt. No. 17). Magistrate Judge Hampton made findings and conclusions and recommended that, pursuant to the screening requirement of the Prison Litigation Reform Act, Plaintiff's claims against Defendants be dismissed with prejudice for being frivolous and/or for failing to state a claim for relief. (*Id.* at 1). Magistrate Judge Hampton further recommended that to the extent Plaintiff complains about the legality of his conviction, it be restated in a timely filed federal habeas corpus petition after exhausting available state remedies. (*Id.* at 1–2).

The Parties were provided proper notice and the opportunity to object to the M&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). On January 4, 2023, Plaintiff filed six objections. (Dkt. No. 23). First, Plaintiff objects to Magistrate Judge Hampton's

characterization of his civil rights claims. (*Id.* at 2). Second, Plaintiff objects that Magistrate Judge Hampton forced him to file a claim under 42 U.S.C. § 1983. (*Id.*). Third, Plaintiff objects that the M&R does not address his claims under the Thirteenth Amendment of the U.S. Constitution. (*Id.* at 2–3). Fourth, Plaintiff objects that the M&R is based solely on the facts of the case and not the legal claims. (*Id.*). Fifth, Plaintiff objects that Magistrate Judge Hampton misapplied the law. (*Id.*). And sixth, Plaintiff objects that the M&R failed to address certain legal claims. (*Id.*).

In accordance with 28 U.S.C. § 636(b)(1)(C), the Court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

The Court has carefully considered de novo those portions of the M&R to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendations for plain error. Finding no error, the Court accepts the M&R and adopts it as the opinion of the Court. It is therefore ordered that:

(1) Magistrate Judge Hampton's M&R, (Dkt. No. 17), is **ACCEPTED** and **ADOPTED** in its entirety as the holding of the Court;

(2) Plaintiff's Complaint against all Defendants, (Dkt. Nos. 1, 9,), is **DISMISSED WITH PREJUDICE;**

(3) To the extent that Plaintiff complains about the legality of his convictions and seeks release from imprisonment, such claims are **DISMISSED**

       **WITHOUT PREJUDICE** and may be reasserted in a timely filed federal habeas corpus petition after exhausting available state remedies; and

(4)    Plaintiff's Motion to Proceed In Forma Pauperis, (Dkt. No. 11), is **DENIED**.

It is SO ORDERED.

Signed on April 18, 2023.

                                                 */s/ Drew B. Tipton*
                                                 **DREW B. TIPTON**
                                                 **UNITED STATES DISTRICT JUDGE**